**FILED**
**Jul 06, 2018**
**10:58 AM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| **JEAN BLAKE,** | ) | **Docket No. 2017-06-0671** |
| **Employee,** | ) | |
| **v.** | ) | |
| **HENDRICKSON USA, LLC,** | ) | **State File No. 96077-2016** |
| **Employer,** | ) | |
| **And** | ) | |
| **FEDERAL INSURANCE COMPANY,** | ) | **Judge Joshua Davis Baker** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER DENYING
## MEDICAL BENEFITS

The Court convened an expedited hearing on June 27, 2018, to determine whether the employer, Hendrickson USA, LLC, should be required to provide Ms. Blake additional medical treatment under the open medicals clause of a prior settlement. Though the settlement guarantees her open medical benefits, the Court denies her request for additional medical treatment at this time.

### History of Claim

This Court approved a settlement agreement in June 2017 between Ms. Blake and Hendrickson for a February 3, 2016 work injury involving her right shoulder and neck. In the agreement, Ms. Blake retained the right to continued medical treatment for "reasonable and necessary authorized future medical expenses which are directly related to the subject injury."

In early October 2017, Ms. Blake returned to her authorized physician, Dr. Kurtis Kowalski, complaining of right shoulder pain. Dr. Kowalski concluded her shoulder symptoms were "likely coming down from the neck." He assessed "persistent right shoulder pain, probable radicular findings from the cervical spine and cubital tunnel syndrome." He further noted that "[one] of her biggest issues right now is the numbness and tingling down the ulnar aspect of the right hand" but mentioned that this condition was unrelated to her present workers' compensation claim. He also recommended "an

1

independent medical examination for a second opinion on both the shoulder and for causation of the elbow." Hendrickson did not provide a second opinion.

Ms. Blake filed a Petition for Benefit Determination (PBD) under the open medicals clause of her settlement agreement. In the PBD, she requested "an independent medical exam for shoulder and [concerning] causation [of her] right elbow." Although not a part of the settlement, Ms. Blake also described "nerve to elbow and carpal tunnel syndrome" in addition to her neck and right shoulder injuries as conditions that arose from the accident.

After Ms. Blake filed her petition, Hendrickson sent Dr. Kowalski a letter seeking clarification of his diagnosis and recommendations. In his response, Dr. Kowalski confirmed Ms. Blake received all medical care necessary for her right shoulder injury. He also acknowledged telling Ms. Blake that he believed her ulnar neuropathy was unrelated to her work injury and suggested she seek an independent medical examination if she disagreed with his opinion.

Dr. Kowalski deferred to Dr. Christopher Ashley concerning the completeness of treatment for Ms. Blake's neck injury. Dr. Ashley recommended cervical diagnostic facet joint injections to "better understand if this is the origin of her pain and if she may benefit from some further treatment." Ms. Blake testified she had the facet injections and presented no records indicating Dr. Ashley recommended further treatment for her neck. Teresa Wilson, a claims representative, testified by affidavit that she was "unaware of any pending or recommended medical care for Ms. Blake."

Ms. Blake filed an affidavit where she indicated her treating physician had no further treatment to offer for her workplace injury. Because of this indication, Ms. Blake included an alternate request for relief: monetary payment to close medical treatment for her right shoulder.

At the hearing, Ms. Blake requested treatment under a "new claim" for "carpal tunnel syndrome." She also asked that Hendrickson either pay her for closure of future medical treatment or provide additional treatment for her neck and right shoulder. Hendrickson argued Ms. Blake's "cubital tunnel syndrome" is unrelated to her work injuries and that authorized physicians have not recommended any treatment that Hendrickson has not provided for her work-related injuries.[1]

---

[1] The parties and the physicians used the terms carpal tunnel, cubital tunnel, and ulnar neuropathy to describe Ms. Blake's condition. Although the Court believes the terms were used to describe one condition, the Court cannot definitely determine this from the record. In any event, as none of the conditions was the subject of the settlement of Ms. Blake's workplace injury, the lack of clarity in use of the terms does not affect the outcome here.

**Legal Principles and Analysis**

Ms. Blake has the burden of proof but need not prove every element of her claim by a preponderance of the evidence to receive relief at an expedited hearing. Instead, she must present sufficient evidence showing she would likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). The Court holds she failed to carry her burden.

Hendrickson is required to provide "medical and surgical treatment . . . as ordered by the attending physician . . . made reasonably necessary by accident" because Ms. Blake retained her right to future medical treatment in her settlement agreement. Tenn. Code Ann. § 50-6-204(a)(1)(A). This Court has authority "to order the employer or the employer's insurer to provide specific medical care and treatment, medical services or medical benefits, or both, to the employee pursuant to a . . . workers' compensation settlement agreement[.]" *Id*. at § 50-6-204 (g)(2)(B). However, the authority to order further medical treatment does not include authority to require Hendrickson to purchase Ms. Blake's right to future medical treatment. The Court can, however, require Hendrickson to provide future reasonable and necessary medical treatment. To require the provision of further treatment, the Court must examine whether Ms. Blake's attending physicians ordered any treatment "made reasonably necessary" by her February 3, 2016 workplace injury. The Court finds that they did not.

In his opinion letter, Dr. Kowalski affirmed Ms. Blake received all medical care appropriate for her shoulder injury. Additionally, he said Ms. Blake's ulnar neuropathy is unrelated to her work injuries. While Dr. Kowalski directed Ms. Blake to seek treatment for the condition, his recommendation was unrelated to treatment for her injuries under the settlement agreement. Lastly, Dr. Kowalski deferred to Dr. Ashley's opinion concerning the need for additional neck treatment, and Ms. Blake presented no evidence indicating Hendrickson denied any treatment recommended by Dr. Ashley. The Court, therefore, finds that Ms. Blake is unlikely to prevail at a hearing on the merits in proving entitlement to additional medical treatment.

The Court also finds that Ms. Blake filed a claim for treatment under the open-medicals clause of her settlement agreement rather than a new claim for benefits. The Court understands Ms. Blake's argument that employment as a welder for Hendrickson caused her "cubital tunnel syndrome." However, the question currently before the Court is only whether treatment for the cubital tunnel syndrome is covered under the prior settlement agreement. The Court holds the settlement does not cover treatment for the condition. However, this holding does not prevent Ms. Blake from filing a new claim seeking benefits for cubital tunnel syndrome.

3

It is **ORDERED** as follows:

1. Ms. Blake's request for medical benefits is denied at this time.

2. The Court sets this claim for a status conference on September 10, 2018, at 9:30 a.m. (CDT). The Court will convene the status conference via telephone. The parties must call the Court's conference line at (615) 741-2113 or (855) 874-0474 to participate.


**ENTERED ON JULY 6, 2018.**


_____

**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

4

**APPENDIX**

<u>Exhibits</u>:

1. Affidavits of Jean Blake filed March 19, 2018 and March 28, 2018
2. Medical Records
3. Opinion Letter of Dr. Kurtis Kowalski
4. Order Approving Workers' Compensation Settlement Agreement and Workers' Compensation Settlement Agreement entered June 6, 2017
5. Affidavit of Teresa Wilson
6. Petition for Benefit Determination filed October 30, 2017

<u>Technical Record</u>:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Requests for Expedited Hearing
4. Employer's Prehearing Brief/Statement

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on July 6th , 2018

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Jean Blake, Self-represented Employee | | | X | Jean_blake@yahoo.com |
| Blakeley D. Matthews, Employer's Attorney | | | X | bdmatthews@cclawtn.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board.  To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed.  When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal.  You may request from the court clerk the audio recording of the hearing for a $25.00 fee.  If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal.  Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of the hearing.  The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board.  If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence.  The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement.  All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## EXPEDITED HEARING NOTICE OF APPEAL
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

### Notice

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

### Statement of the Issues

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

### Additional Information
**Type of Case** [Check the most appropriate item]

- ☐ Temporary disability benefits
- ☐ Medical benefits for current injury
- ☐ Medical benefits under prior order issued by the Court

### List of Parties
**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*** Attach an additional sheet for each additional Appellant ***

Employee Name: _____ SF#: _____ DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee


Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**


## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.



[Signature of appellant or attorney for appellant]    _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived.  The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

_____     Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ | per month | beginning _____ |
| SSI | $ _____ | per month | beginning _____ |
| Retirement | $ _____ | per month | beginning _____ |
| Disability | $ _____ | per month | beginning _____ |
| Unemployment | $ _____ | per month | beginning _____ |
| Worker's Comp. | $ _____ | per month | beginning _____ |
| Other | $ _____ | per month | beginning _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

| | | | | |
|---|---|---|---|---|
| Groceries | $ _____ per month | | Telephone | $ _____ per month |
| Electricity | $ _____ per month | | School Supplies | $ _____ per month |
| Water | $ _____ per month | | Clothing | $ _____ per month |
| Gas | $ _____ per month | | Child Care | $ _____ per month |
| Transportation | $ _____ per month | | Child Support | $ _____ per month |
| Car | $_____ per month | | | |
| Other | $ _____ per month (describe: _____ ) | | | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe:_____ |

11. My debts are:

Amount Owed            To Whom

_____     _____

_____     _____

_____     _____

_____     _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                 RDA 11082